## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---------------------------------------------  BKY No. 08-46020
ADV No. 11-\_\_\_\_\_

In re:

John J. Henry, III,

      Debtor.

---------------------------------------------

Randall L. Seaver, Trustee

      Plaintiff,

vs.  **COMPLAINT**

John J. Henry, III and Premier Systems, Inc.,

      Defendant.

---------------------------------------------

Plaintiff, for his Complaint against Defendants John J. Henry III and Premier Systems, Inc. ("Defendants"), states and alleges as follows:

1. Randall L. Seaver is the duly qualified and acting Trustee in this case.

2. Defendant Henry is a resident of the State of Minnesota and filed his petition for relief under chapter 7 of the Bankruptcy Code on November 19, 2008. The Defendant Henry received his discharge on February 18, 2009. The case is currently pending in the United States Bankruptcy Court for the District of Minnesota. Randall L. Seaver was appointed as the chapter 7 trustee.

3. This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks judgment against the Defendant Henry and Premier Systems, Inc.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding and arises under 11 U.S.C. §§541, 549 and 550.

5. Defendant Henry filed his bankruptcy schedules on November 19, 2008. On Schedule B, the debtor listed a 49% ownership interest in Northern States Finance, Inc., and a 100% ownership interest in Premier Systems, Inc. He also listed no negotiable or non-negotiable instruments (item 15) no accounts receivable (item 16), no liquidated debts, including tax refunds (item 18), no contingent and unliquidated claims including tax refunds, except for "possible claims against Vogue ICF Homes, Inc." (Item 21), and no other personal property of any kind (item 35).

6. Premier and Defendant Henry purchase vacuum cleaners from Kirby Company. Premier and Henry have the option of participating in a "profit protection program." The "profit protection program" allows Premier and the Defendant Henry to pay an additional amount in excess of the value of the vacuum cleaner to Kirby Company. The additional funds are held in an escrow account by Kirby Company, where they earn interest, until Premier or Henry requests a payment, either in the form of a check or as an offset against the purchase price of more vacuum cleaners. When Premier receives the vacuum cleaners, it sells the vacuum cleaners to customers on a contract basis. Premier then sells the customer contracts to other entities, including Northern States Finance and an entity called Preferred Credit, Inc. Henry is also a

party to the contracts entered into between Premier and Northern States Finance and Preferred Credit. Northern States Finance or Preferred Credit will pay a sum of money to Henry or Premier at the time that it purchases the contract from Premier and the Henry. The amount is determined by reference to the original customer's creditworthiness. In addition, Northern States Finance or Preferred Credit will "hold back" a certain amount of funds during the performance of the original contract between Premier and the customer. Premier and the Defendant Henry are entitled to a certain amount of the held back funds, depending on the performance of the customer under the original contract between Premier and the customer.

7. On August 22, 2008, Premier and the Defendant Henry deposited $1,800 into a profit protection program account with Kirby Company. On September 4, 2008, Premier and the Defendant Henry deposited $1,200 into a profit protection program account with Kirby Company. The debtor did not disclose the PPP account or the check at the meeting of creditors. Kirby Company issued a check payable to the Defendant Henry and Premier in the amount of $3,007.97 on December 4, 2008. That amount represented the balance in the concealed Kirby PPP savings account at the time the debtor filed bankruptcy. The Defendant Henry never reported his receipt of the funds to the chapter 7 trustee. On January 9, 2009, the debtor converted the Kirby check, which was property of this bankruptcy estate, by depositing them into his personal account at Community Bank. The Defendant Henry never delivered the property to the chapter 7 trustee.

8. In January, 2008, the Defendant Henry provided Community Bank of Mankato with a signed financial statement in which he represented that "the undersigned certify that the

information contained on this form has been carefully reviewed and that is true and correct in all respects." (Ex. 3.) Among other things, the financial statement lists assets and income as follows:

    a.    Due from Friends, Relatives & Others (sch 1) $182,000. At Schedule 1, the debtor states that Northern States Finance owes the debtor $182,000 as a result of "contracts."

    b.    PCI Reserve $75,000.

    c.    Salary: $30,000; Commission: $120,000; Dividends: $60,000

9. Records obtained from Northern States indicate that on November 19, 2008, Northern States owed Premier and the Defendant Henry $65,688.69 in hold backs. The asset was not disclosed on Schedule B, and it was not disclosed at the meeting of creditors. The Defendant Henry intentionally omitted the asset from his bankruptcy schedules and concealed it from the plaintiff. Northern States paid a distribution or dividend to the Defendant Henry of $9,000 in December, 2010. Northern States also paid the Defendant Henry $10,000 in December 2009, as a partial payment of the hold backs. The Defendant Henry never reported to the plaintiff the acquisition of $19,000 from Northern States.

10. Records obtained from Preferred Credit indicate that on November 19, 2008, Preferred Credit owed Premier and the Defendant Henry $44,721.12 in hold backs. The asset was not disclosed on Schedule B, and it was not disclosed at the meeting of creditors. The Defendant Henry intentionally omitted the asset from his bankruptcy schedules and concealed it from the plaintiff. Preferred Credit paid out a total of $40,000 in holdback reserves on December 10, 2009. Of that amount, $20,000 came from estate property, and $20,000 came as

a result of a transfer from Defendant Henry's father. The $20,000 payment to have a new entity, owned by the Defendant Henry, known as JH3, LLC, make a down payment on real estate located at 10550 Bren Road East, Minnetonka, Minnesota. The Defendant Henry never reported to the plaintiff the acquisition that money from Preferred Credit, nor did he disclose the JH3 real estate transaction engaged in with those funds until confronted at a Rule 2004 exam by the plaintiff.

11. Premier's federal income tax return for tax year 2008 indicates that, at all times during 2008, Premier owed the Defendant Henry $41,881. The Defendant Henry was and remains the sole shareholder of Premier.

12. The monies owed by Premier to the Defendant Henry of $41,881 were not disclosed by the Defendant Henry on schedule B. The Defendant Henry intentionally omitted the asset from his bankruptcy schedules, failed to disclose the asset at the meeting of creditors, and concealed the asset from the plaintiff.

13. At the time he filed his bankruptcy petition, Henry owned the following assets which he intentionally concealed from the trustee and omitted from his bankruptcy schedules:

    a. Contractual rights in the form of hold backs and reserves with Preferred Credit, Inc., having a value of $44,721.12.

    b. Contract rights in the form of hold backs and reserves with Northern States Financial, Inc., having a value of at least $65,688.69.

    c. A debt owed to him by Premier of $41,881.

    d. PPP savings account at Kirby with a balance of $3,007.97.

    e. 2008 federal tax refund having a value of $4,941.30.

    f.    Henry was holding several checks which had been issued but not yet deposited by him, including at least the following:

        (1)    Meridian Investments & Acquisitions, LLC check 1274 in the amount of $200.
        (2)    Positive Promotions check number 3684 from in the amount of $100
        (3)    Kirby check 1170197624 - $160;
        (4)    Premier Systems check 12820 payable to Erika Okerstrom in the amount of $500 but held by the debtor;
        (5)    Premier Systems check 12846 - $476.10;
        (6)    Premier Systems check 12875 - $476.10
        (7)    Premier Systems check 12908 - $476.10;
        (8)    Premier Systems check 12939 - $476.10;
        **Total - $2,864.40**

    g.    Equity at Northern States Financial, Inc., exceeding $50,000.

14. On January 9, 2009, the Defendant Henry deposited into his account at Community Bank the checks itemized at Paragraph 16(e), *supra*. The Defendant Henry never reported receipt of the funds to the plaintiff, nor did he deliver the funds to the plaintiff.

15. On or about May 6, 2009, the Defendant Henry received and deposited into his account at Community Bank, a 2008 federal tax refund in the amount of $5,430. Based on the filing date, 91% of that refund, or $4,941.30, was bankruptcy estate property. The Defendant Henry never reported the refund to the plaintiff.

16. Since commencement of the bankruptcy case, Defendant Henry has converted concealed assets of the estate in at least the following amounts:

    a.    Preferred Credit hold back reserves of at least $20,000;

    b.    Northern States equity distribution and hold back reserves of at least $19,000;

    c.    PPP savings account at Kirby - $3,007.97;

  d.  2008 federal tax refund having a value of $4,941.30; and

  e.  Checks issued but not yet deposited by him as described at paragraph 12(e) having a value of at least $2,864.

## COUNT I
## CONVERSION

17. The Plaintiff re-alleges paragraphs 1-16 as if fully set forth herein.

18. The trustee seeks a judgment against the Defendant Henry for his knowing conversion of estate assets, including at least the following items:

  a.  Preferred Credit hold back reserves used by Defendant Henry post-petition of at least $20,000;

  b.  Northern States hold back reserves and distribution of at least $19,000;

  c.  PPP savings account at Kirby - $3,007.97;

  d.  2008 federal tax refund having a value of $4,941.30; and

  e.  Undeposited pre-petition checks 2,864.40.

## COUNT 2
## DOUBLE DAMAGES

19. Plaintiff realleges and reaffirms paragraph 1 through 18 above.

20. The intentional concealment and retention of the reserves, distributions, PPP savings account, 2008 federal tax and undeposited checks constitutes theft under Minnesota law.

21. Defendant Henry is liable to the Trustee under Minn. Stat. §604.14.

22. Plaintiff seeks a money judgment against Defendant Henry doubling the amount for which Defendant Henry is liable to the plaintiff under Count 1 hereof.

## COUNT 3
## TREBLE DAMAGES

23. Plaintiff reaffirms and realleges paragraph 1 through 22 above.

24. Defendant Henry has committed a theft of bankruptcy estate property as detailed in Paragraphs 1-20 of this Complaint.

25. The Plaintiff may recover treble damages pursuant to Minn. Stat. § 548.05.

26. The Plaintiff is entitled to a judgment in an amount equal to three times the amount for which the Defendant Henry is found liable under Count 1 hereof.

## COUNT 4
## TRANSFER AVOIDANCE UNDER 11 U.S.C. §549

27. Plaintiff realleges and reaffirms paragraph 1 through 26 above.

28. Plaintiff seeks avoidance against the Defendant Henry pursuant to 11 U.S.C. §549 and recovery of those monies pursuant to 11 U.S.C. §550 for all transfers to and conversion by the Defendant Henry of estate property since commencement of this case, and for any transfers which fall outside the two year limitation of period of 11 U.S.C. §546, plaintiff asserts that the statute of limitations is tolled and that the Defendant Henry is estopped from asserting the protection of 11 U.S.C. §546 because of the Defendant Henry's dishonesty in failing to disclose those assets which he subsequently converted.

## COUNT 5
## DECLARATORY JUDGMENT

29. Plaintiff realleges and reaffirms paragraph 1 through 28 above.

30. The plaintiff seeks a judgment of the court determining that the reserves and equity at Northern State Finance, Inc., except for $1 in equity in Northern States, are property

of the Henry bankruptcy estate, and that Premier Systems and Defendant Henry have no interest in those items.

## COUNT 6

31.    Plaintiff realleges and reconfirms paragraph 1 through 30 above.

32.    Plaintiff seeks judgment that all reserves and hold backs at Preferred Credit in the name of Henry and Premier are solely property of the Henry bankruptcy estate.

## COUNT 7

33.    Plaintiff realleges and reconfirms paragraph 1 through 32 above.

34.    The tax records of Defendant Premier Systems, Inc., reflect that, on the day of bankruptcy filing, it owed the sum of $41,881 to Defendant Henry. That debt is now owed to this bankruptcy estate.

35.    The plaintiff seeks judgment against Defendant Premier Systems, Inc., in the amount of $41,811.

WHEREFORE, the Plaintiff requests that this Court enter an order and judgment as follows:

1.    Entering judgment against Defendant Henry in an amount of not less than $49,813.27 pursuant to Count 1.

2.    Doubling the amount of the Count 1 judgment pursuant to Count 2.

3.    Trebling the amount of the Count 1 judgment pursuant to Count 3.

4.    Entering judgment against Defendant Henry in an amount to be determined at trial pursuant to Count 4.

5.      Holding that the plaintiff is the owner of all holdbacks and reserves at Northern State Finance and that the plaintiff owns all equity in Northern States Finance previously owned by Defendant Henry, except for $1 in equity pursuant to Count 5.

6.      Holding that the plaintiff is the owner of all holdbacks and reserves at Preferred Credit, Inc. pursuant to Count 6.

7.      Entering judgment against Premier Systems, Inc., in the amount of $41,881 pursuant to Count 7.

**FULLER, SEAVER & RAMETTE, P.A.**

Dated: May 24, 2011

By: /e/ Randall L. Seaver
Randall L. Seaver   152882
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888; (952) 890-0244 (fax)
*Rlseaver@fullerseaverramette.com*

Attorneys for Plaintiff