UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**John J. Henry, III,**

    Debtor.                                   BK 08-46020

---

**Habbo G. Fokkena, United States Trustee,**

    Plaintiff,            Adv. No. _____

vs.

**COMPLAINT FOR REVOCATION OF DISCHARGE**

**John J. Henry, III,**

    Defendant.

---

Plaintiff, for his Complaint against defendant John J. Henry III, states and alleges as follows:

1. Habbo G. Fokkena is the United States Trustee for Region 12, which covers the Federal Judicial Districts of Iowa (Northern & Southern Districts), Minnesota, North Dakota, and South Dakota. The United States Trustee has standing to commence this adversary proceeding pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 727(e)(2).

2. The defendant is a resident of the State of Minnesota and filed his petition for relief under chapter 7 of the Bankruptcy Code on November 19, 2008. The defendant received his discharge on February 18, 2009. The case is currently pending in the United States Bankruptcy Court for the District of Minnesota. Randall L. Seaver was appointed as the chapter 7 trustee.

3. This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks an order revoking

1

the discharge of the defendant pursuant to 11 U.S.C. § 727(d)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

5. This case was commenced by the filing of a voluntary petition under Chapter 7 on November 19, 2008. The case is currently pending in this court. The §341 meeting was originally scheduled for December 18, 2008. The meeting was concluded on December 24, 2008. The discharge order was entered on February 18, 2009.

6. The defendant filed his bankruptcy schedules on November 19, 2008. On Schedule B, the debtor listed a 49% ownership interest in Northern States Finance, Inc., and a 100% ownership interest in Premier Systems, Inc. (item 13.) He also listed no negotiable or non-negotiable instruments (item 15), no accounts receivable (item 16), no liquidated debts, including tax refunds (item 18), no contingent and unliquidated claims including tax refunds, except for "possible claims against Vogue ICF Homes, Inc." (item 21), and no other personal property of any kind (item 35).

7. The defendant filed his statement of financial affairs on November 19, 2008. At item 1 and 2 of his statement of financial affairs, the defendant stated that his income, for 2008 year to date, consisted of $27,000 in wages from Premier Systems, Inc., and $8,629.75 from Premier in "owner income (net of 0.00 - exact loss to be determined at year end.")

8. At the meeting of creditors held pursuant to 11 U.S.C. § 341, held on December 18, 2008, the defendant testified as follows:

> Q    Did you sign the petition, schedules, statements and related documents and E-filing declaration that were filed with the Court?
> A    Yes, sir.
> Q    Did you read those documents before you signed them?

Q A Yep.
Q Are you personally familiar with the information contained in those documents?
A Yes, I am.
Q To the best of your knowledge, is that information true and correct?
A Yes, it is.

    MR. MILLER: We have a handful of new miscellaneous creditors, but no significant amounts, Mr. Trustee.

BY THE TRUSTEE:
Q Okay. There's some omitted creditors?
A Yes.
Q Are those the only omissions?
A Yes.
Q Did you list all of your assets in the schedules?
A Yes, I have.

9. Premier and the defendant purchase vacuum cleaners from Kirby Company. Premier and the defendant have the option of participating in a "profit protection program." The "profit protection program" allows Premier and the defendant to pay an additional amount in excess of the value of the vacuum cleaner to Kirby Company. The additional funds are held in an escrow account by Kirby Company, where they earn interest, until Premier or the defendant requests a payment, either in the form of a check or as an offset against the purchase price of more vacuum cleaners. When Premier receives the vacuum cleaners, it sells the vacuum cleaners to customers on a contract basis. Premier then sells the customer contracts to other entities, including Northern States Finance and an entity called Preferred Credit, Inc. The defendant is also a party to the contracts entered into between Premier and Northern States Finance and Preferred Credit. Northern States Finance or Preferred Credit will pay a sum of money to the defendant or Premier at the time that it purchases the contract from Premier and the defendant. The amount is determined by reference to the original customer's creditworthiness. In addition, Northern States Finance or Preferred Credit will "hold back" a certain amount of funds during the performance

of the original contract between Premier and the customer. Premier and the defendant are entitled to a certain amount of the held back funds, depending on the performance of the customer under the original contract between Premier and the customer.

10. On August 22, 2008, Premier and the defendant deposited $1,800 into a profit protection program account with Kirby Company. On September 4, 2008, Premier and the defendant deposited $1,200 into a profit protection program account with Kirby Company. The debtor did not disclose the PPP account or the check at the meeting of creditors. Kirby Company issued a check payable to the defendant and Premier in the amount of $3,007.97 on December 4, 2008. That amount represented the balance in the concealed Kirby PPP savings account at the time the debtor filed bankruptcy. The defendant never reported his receipt of the funds to the chapter 7 trustee. On January 9, 2009, the debtor converted the Kirby check, which was property of this bankruptcy estate, by depositing them into his personal account at Community Bank. The defendant never delivered the property to the chapter 7 trustee.

11. In January, 2008, the defendant provided Community Bank of Mankato with a signed financial statement in which he represented that "the undersigned certify that the information contained on this form has been carefully reviewed and that is true and correct in all respects." Among other things, the financial statement lists assets and income as follows:

    a. Due from Friends, Relatives & Others (sch 1) $182,000. At Schedule 1, the debtor states that Northern States Finance owes the debtor $182,000 as a result of "contracts."

    b. PCI Reserve $75,000.

    c. Salary: $30,000; Commission: $120,000; Dividends: $60,000

12. Records obtained from Northern States indicate that on November 19, 2008,

4

Northern States owed Premier and the defendant $65,688.69 in hold backs. The asset was not disclosed on Schedule B, and it was not disclosed at the meeting of creditors. The defendant intentionally omitted the asset from his bankruptcy schedules and concealed it from the chapter 7 trustee. Northern States paid a distribution or dividend to the defendant of $9,000 in December, 2010. Northern States also paid the defendant $10,000 in December 2009, as a partial payment of the hold backs. The defendant never reported to the chapter 7 trustee the acquisition of $19,000 from Northern States.

13. Records obtained from Preferred Credit indicate that on November 19, 2008, Preferred Credit owed Premier and the defendant $44,721.12 in hold backs. The asset was not disclosed on Schedule B, and it was not disclosed at the meeting of creditors. The defendant intentionally omitted the asset from his bankruptcy schedules and concealed it from the chapter 7 trustee. Preferred Credit paid Premier $40,000 on December 10, 2009. A new entity owned by the defendant, known as JH3, LLC, used $20,000 of the funds for a down payment on real estate located at 10550 Bren Road East, Minnetonka, Minnesota. The defendant never reported to the chapter 7 trustee the acquisition of $40,000 from Preferred Credit, nor did he disclose the JH3 real estate transaction until confronted at a Rule 2004 exam by the chapter 7 trustee.

14. Premier's federal income tax return for tax year 2008 indicates that, at all times during 2008, Premier owed the defendant $41,881. The defendant was and remains the sole shareholder of Premier.

15. The monies owed by Premier to the defendant of $41,881 were not disclosed by the defendant on schedule B. The defendant intentionally omitted the asset from his bankruptcy schedules, failed to disclose the asset at the meeting of creditors, and concealed the asset from

5

the chapter 7 trustee.

    16.    At the time he filed his bankruptcy petition, the defendant owned the following assets which he intentionally concealed from the trustee and omitted from his bankruptcy schedules:

        a.    Contractual rights in the form of hold backs with Preferred Credit, Inc., having a value of $44,721.12.

        b.    Contract rights in the form of hold backs with Northern States Financial, Inc., having a value of at least $65,688.69.

        c.    A debt owed to him by Premier of $41,881.

        d.    PPP savings account at Kirby with a balance of $3,007.97.

        e.    2008 federal tax refund having a value of $4,941.30.

        f.    The defendant was holding several checks which had been issued but not yet deposited by him, including at least the following:

            (1)    Meridian Investments & Acquisitions, LLC check 1274 in the amount of $200.
            (2)    Positive Promotions check number 3684 in the amount of $100
            (3)    Kirby check 1170197624 - $160;
            (4)    Premier Systems check 12820 payable to Erika Okerstrom in the amount of $500 but held by the debtor;
            (5)    Premier Systems check 12846 - $476.10;
            (6)    Premier Systems check 12875 - $476.10
            (7)    Premier Systems check 12908 - $476.10;
            (8)    Premier Systems check 12939 - $476.10;
                **Total - $2,864.40**

        g.    Equity at Northern States Financial, Inc., exceeding $50,000

    17.    On January 9, 2009, the defendant deposited into his account at Community Bank the checks itemized at Paragraph 16(f), *supra*. The defendant never reported receipt of the funds to the chapter 7 trustee, nor did he deliver the funds to the chapter 7 trustee.

    18.    On or about May 6, 2009, the Defendant received and deposited into his account at

Community Bank, a 2008 federal tax refund in the amount of $5,430. Based on the filing date, 91% of that refund, or $4,941.30, was bankruptcy estate property. The defendant never reported the refund to the chapter 7 trustee.

19. As indicated by the foregoing paragraphs, the defendant concealed from the trustee assets having a value in excess of $160,000.

20. Since commencement of the bankruptcy case, the defendant has converted concealed assets of the estate in at least the following amounts:

    a. Preferred Credit hold back reserves of at least $40,000;

    b. Northern States hold back reserves of at least $19,000;

    c. PPP savings account at Kirby - $3,007.97;

    d. 2008 federal tax refund having a value of $4,941.30; and

    e. Checks issued but not yet deposited by him as described at paragraph 16(f) having a value of at least $2,864.

## COUNT I
### KNOWING AND FRAUDULENT FAILURE TO REPORT AND DELIVER PROPERTY OF THE BANKRUPTCY ESTATE TO THE CHAPTER 7 TRUSTEE

21. The Plaintiff re-alleges paragraphs 1-20 as if fully set forth herein.

22. Since commencement of the defendant's bankruptcy case, the defendant acquired property of the estate in an amount totaling at least $69,813.27.

23. The defendant knowingly and fraudulently failed to report the post-petition acquisition of property of the estate totaling at least $69,813.27 to the chapter 7 trustee.

24. The defendant knowingly and fraudulently failed to deliver or surrender property of the estate totaling at least $69,813.27 to the chapter 7 trustee.

WHEREFORE, the Plaintiff requests that this Court enter an order and judgment

revoking the defendant's discharge under 11 U.S.C. § 727(d)(2), together with such other and further relief as the Court deems just and equitable.

Dated: May 25, 2011                          HABBO G. FOKKENA
                                                 UNITED STATES TRUSTEE
                                                 REGION 12

                       BY:     /e/ Colin Kreuziger
                                  Colin Kreuziger
                                  Trial Attorney
                                  Office of U.S. Trustee
                                  1015 U.S. Courthouse
                                  300 South Fourth Street
                                  Minneapolis, MN 55415
                                  TELE: (612) 334-1350
                                  FAX:   (612) 335-4032
                                  MN Atty. No. 0386834